IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Stephen A. Beckham,<br><br>Plaintiff,<br><br>vs.<br><br>William Byars, et al.,<br><br>Defendant. | Civil Action No. 6:12-119-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion to withdraw his complaint (doc. 69). The plaintiff, as state prisoner proceeding *pro se*, alleges numerous violations of his constitutional rights by the defendants dating back to November 2005. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On August 3, 2012, the defendants filed a motion for summary judgment. The defendants argue *inter alia* that most of the plaintiff's claims are barred by the statute of limitations, the plaintiff has failed to allege sufficient facts to establish his constitutional rights have been violated, and they are entitled to qualified immunity. By order filed August 6, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on August 14, 2012.

On August 27, 2012, this court issued an order regarding two motions to compel and a motion to amend by the plaintiff. This court found the first motion to compel (doc. 54) was moot and denied the second motion to compel (doc. 58) because the plaintiff

failed to set out specifically which documents he sought, and thus it was impossible for this court to determine whether the discovery was appropriate. This court also denied the plaintiff's motion to amend (doc. 61) because the plaintiff failed to present any information as to what amendments were proposed, whether the amendments would change the nature of the case, or whether the amendments were simply to correct factual allegations.

On September 6, 2012, the plaintiff filed a document captioned as a "Withdrawal of Complaint," which the undersigned has construed as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). The plaintiff states in the motion that he disagrees with the undersigned's August 27th order, he believes the court may have a bias against *pro se* prisoner lawsuits, and he wishes to "withdraw this civil action and will retain legal counsel to pursue a suit against defendants." The defendants did not file a response to the motion.

Pursuant to Rule 41(a), once an opposing party serves an answer or a motion for summary judgment, an action may be voluntarily dismissed by a plaintiff without a court order by filing a stipulation of dismissal signed by all the parties. Otherwise, as here, a court order is necessary. Fed. R. Civ. P. 41(a). Based upon the foregoing, this court recommends that the plaintiff's motion for voluntary dismissal (doc. 69) be granted and the instant action be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

October 1, 2012　　　　　　　　　　　　　　　　　　s/ Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.